```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
Curtis J. Yarborough,                           :
                                                :
                                                :
                Plaintiff,                      :          SUMMARY ORDER
                                                :
        -against-                               :          08-CV-3179 (DLI)(JMA)
                                                :
Queens Auto Mall, Inc., M & T Bank,             :
Wynn's Extended Care, Inc., and                 :
Star Auto Funding, Inc.,                        :
                                                :
                Defendants.                     :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

On December 6, 2008, plaintiff filed a motion for default judgment against defendants Queens Auto Mall, Inc. ("Queens Auto") and Star Auto Funding, Inc. ("Star Auto"). On December 28, 2008, plaintiff filed yet another letter motion, this time requesting a pre-motion conference to seek the court's leave to file the default motion plaintiff had already filed. This motion was denied by the court by Order dated January 23, 2009. On December 30, 2008, plaintiff again filed a motion for default judgment against Queens Auto and Star Auto, which by then had interposed an Answer to the Complaint. In this last motion, plaintiff stated that it rejected defendants' Answer as untimely. For the reasons set forth below, plaintiff's motions for default judgment against Queens Auto and Star Auto are denied.

On August 5, 2008, plaintiff filed a complaint against Queens Auto, Star Auto, M & T Bank, and Wynn's Extended Care, Inc. Plaintiff duly served defendants Queens Auto and Star Auto with a Summons and Complaint on November 10, 2008. On December 1, 2008, U.S. Magistrate Judge Joan M. Azrack held an initial conference at which counsel for all defendants were present. The Minute Entry for that initial conference clearly demonstrates that counsel for

plaintiff and for <u>all</u> defendants, including Queens Auto and Star Auto, were present. (*See* Docket Entry #13.) Judge Azrack set a discovery schedule as to each of the parties. As to defendant M&T Bank, Judge Azrack set a deadline regarding dispositive motions. There is no notation in the Minute Entry that plaintiff intended to make a default motion as to Queens Auto and Star Auto. Moreover, Judge Azrack has advised the court that the initial conference lasted approximately one hour, and that, while the parties discussed numerous issues, including making dispositive motions, a discovery schedule, and potential settlement, no party raised the issue that neither defendant Queens Auto nor defendant Star Auto had filed an Answer at that time.

On December 6, 2008, plaintiff filed a motion for default judgment against defendants Queens Auto and Star Auto. On December 29, 2008, defendants Queens Auto and Star Auto filed an Answer to plaintiff's Complaint and to its co-defendants' Crossclaims, as well as to a Crossclaim against M & T Bank and Wynn's Extended Care, Inc. On December 30, 2008, plaintiff filed its second motion for default judgment against Queens Auto and Star Auto.

The decision to grant a motion for default judgment lies within the sound discretion of the trial court. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Further, default judgments are generally disfavored due to the principle that cases should be decided on their merits. *See Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (noting a preference for courts to "reach judgments on the merits and not by way of default judgments"). "[A] default judgment is warranted only where a plaintiff establishes that he has been prejudiced by the defendant's default." *Kee v. Hasty*, 01 CV 2123, 2004 WL 807071, at *4 (S.D.N.Y. Apr. 14, 2004).

Here, defendants Queens Auto and Star Auto appeared at the Initial Conference before Judge Azrack and the plaintiff not only remained silent as to the defendants' failure to file an

Answer, but acquiesced in the discovery, motion, and conference schedules set by the Magistrate Judge. While defendants Queens Auto and Star Auto filed their Answer beyond the twenty-day deadline proscribed by Fed. R. Civ. P. 12(a), plaintiff failed to timely object before the Magistrate Judge and waived any objection to the late filing. Most importantly, plaintiff has failed to demonstrate how it is prejudiced by defendants' late filing. Thus, plaintiff's motions are denied.

SO ORDERED.

Dated: Brooklyn, New York
       February 10, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge