UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CURTIS J. YARBOROUGH            :
                                :
          Plaintiff,            :     **MEMORANDUM AND ORDER**
                                :
          -against-             :     08-CV-3179 (DLI)(ALC)
                                :
QUEENS AUTO MALL, INC., M&T BANK,  :
WYNN'S EXTENDED CARE, INC.,     :
STAR AUTO FUNDING, INC.,        :
                                :
          Defendants.           :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Curtis Yarborough brought suit in this "lemon law" case against defendants Queens Auto Mall ("QAM"), Star Auto Funding, Inc. ("Star Auto"), Wynn's Extended Care, Inc. ("Wynn's"), and M&T Bank ("M&T") asserting three federal and eleven state law causes of action.[1] M&T moved to dismiss plaintiff's claims arising under the Magnuson-Moss Warranty Act (claim 3), Truth in Lending Act (claim 8), and Racketeer Influenced and Corrupt Organization Act (claim 14). In his Affirmation in Opposition to M&T's Motion to Dismiss, plaintiff moved to withdraw claims 3 and 14, and sought leave to amend his complaint to assert three new causes of action, including a federal claim arising under the Fair Credit Reporting Act. (Pl.'s Aff. in Opp'n ¶¶ 6, 12.) Plaintiff also cross-moved to dismiss M&T's counterclaim for breach of contract. (Pl.'s Answer to Countercl. 3.) For the reasons set forth below, claims 3, 8, and 14 are dismissed with prejudice, plaintiff is denied leave to amend, and his motion to dismiss defendant's counterclaim is denied. The remaining claims, all of which arise under state law, are dismissed without prejudice as the court declines to exercise supplemental jurisdiction.

---

[1] Plaintiff has since settled with all defendants except M&T.

1

## I. Background

On June 25, 2007, plaintiff purchased a car from QAM and signed two contracts—a service contract with Wynn's for a two year/24,000 mile warranty, and a retail installment contract with QAM which was later assigned to M&T. (Def's. Affirm. in Opp'n Ex. B(b).) Plaintiff alleges that, before the purchase, defendants assured him that the car was in "perfect" condition, was covered by a "thirty-day/sixty-day warranty," and they would repair the car pursuant to the warranty without charge. (Compl. ¶ 9.) However, immediately after taking possession of the car, it allegedly malfunctioned. Plaintiff claims that he brought the car back to QAM approximately three other times within the warranty period, and that, each time, QAM refused to repair the car or return his down payment and installment payments. (*Id.* ¶¶ 3, 11.) The car allegedly stopped running altogether on August 22, 2007, at which point plaintiff returned the car to QAM, and claims to have properly revoked the contract. (*Id.* ¶ 11.) As a consequence of the foregoing, plaintiff initiated this action on August 5, 2008.

## II. Discussion

### A. Legal Standard

In deciding a motion for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c), the court accepts all allegations as true and draws all inferences in favor of the plaintiff. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). Dismissal is warranted if the factual allegations are insufficient to "raise a right to relief above the speculative level." *Price v. N.Y. State Bd. of Elections*, 540 F.3d 101, 107 (2d Cir. 2008).

## B. Statute of Limitations under the Federal Truth in Lending Act (Claim 8)

Plaintiff's eighth cause of action involves purported violations of the Truth in Lending Act ("TILA")[2] for M&T's alleged mischaracterization of, and failure to provide, several material disclosures before the parties entered into the car transaction. Specifically, plaintiff alleges that M&T: (1) inaccurately disclosed the annual percentage rate, amount financed, and finance charge under the transaction; (2) should have marked certain disclosures during the negotiation process as estimates; and (3) should have delivered "disclosures to Plaintiffs [sic] in a form that they [sic] could keep prior to the consummation of the transaction." (Compl. ¶¶ 80-85.)

TILA actions are subject to a one-year statute of limitations from the date of the occurrence of the violation. 15 U.S.C. § 1640(e) (2010). In a closed-end credit transaction, such as an automobile installment contract, the "occurrence of the violation" is "the date on which a plaintiff enters into a loan agreement." *Cardiello v. The Money Store, Inc.*, 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001). Plaintiff entered into the loan agreement for his automobile under a retail installment contract on June 25, 2007, and filed suit more than one year later on August 5, 2008. Therefore, pursuant to the plain language of the statute, his claim is time barred.[3]

---

[2] The primary purpose of the TILA is to help consumers avoid "the uninformed use of credit" by assuring meaningful disclosure of credit terms. 15 U.S.C. § 1601 (2010). In furthering this purpose, TILA and its implementing Regulation Z require creditors to disclose certain material terms clearly and concisely in a written document which consumers may retain. *Cardiello v. The Money Store, Inc.*, 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001). 15 U.S.C. § 1640 creates a private right of action for violations of TILA. *Id.*

[3] Because plaintiff has not asserted that the doctrine of equitable tolling applies, the court declines to examine its application here.

Recognizing this reality, plaintiff now claims "rescission damages" pursuant to 15 U.S.C. 1635(a)[4] for M&T's purported failure to rescind the transaction upon plaintiff's notice. (Pl's. Mem. in Opp'n 3.) Plaintiff asserts that the one-year statute of limitations for TILA "disclosure" violations is somehow "irrelevant to a suit that is also seeking Rescission Letter Damages," and that, in such cases, the one-year limitations period "begins to run on the 21st day after the lender received the borrower's rescission notice—not from the consummation date." (*Id.*)

There is no mention of § 1635 or a claim for "rescission damages" in plaintiff's complaint. Rather, plaintiff raised his § 1635 claim for the first time in his Memorandum of Law in Opposition to the Motion to Dismiss. Plaintiff may not amend his complaint through his motion papers. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting new claim raised for first time in plaintiff's opposition to a motion to dismiss). This is a transparent attempt by plaintiff to morph his TILA claim for disclosure damages into a claim for rescission damages because of the one-year statute of limitations. Accordingly, this court will not consider plaintiff's claim under § 1635.

However, even if the court considered the § 1635 claim, it would fail because the right of rescission only applies to transactions in which the creditor acquires a security interest in the borrower's principal dwelling. Section 1635(a) provides:

> "[I]n the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the *principal dwelling* of the person to whom credit is extended, the obligor shall have the right to rescind the transaction . . . ."

---

[4] The right of rescission pursuant to § 1635(a) allows a borrower to rescind a loan agreement if the lender fails "to deliver certain forms or to disclose important terms accurately." *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998).

4

15 U.S.C. § 1635(a) (emphasis added); *see also* 12 C.F.R. 226.23(a) (same limitation to principal dwelling); *Beach*, 523 U.S. at 411. Accordingly, plaintiff has no right of rescission under § 1635.

### C. Plaintiff's Other Federal Claims (Claims 3 & 14)

Plaintiff also has asserted a Magnuson-Moss Warranty Act claim (claim 3) and a Racketeer Influenced Corruption Act Claim (claim 14) in his complaint. (Compl. ¶¶ 53-56, 109-18.) In his Affirmation in Opposition to M&T's Motion to Dismiss, plaintiff moved to voluntarily dismiss these claims. (Pl.'s Aff. in Opp'n. ¶¶ 6, 12.) In addition, plaintiff considers claim 3 moot since he has settled with the warranty company (Wynn's). (*Id.* ¶ 8.) Based on plaintiff's Affirmation, the court hereby dismisses these two claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

### D. Plaintiff's Request to Amend the Complaint

Plaintiff seeks leave in his Affirmation to file an amended complaint which would include claims pursuant to the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), and state law claims for conversion and the "Motor Vehicle Finance Sales Act and/or Motor Vehicle Retail Installment Sales Act." (Pl.'s Aff. in Opp'n ¶¶ 6, 12.)

Rule 7(b) of the Federal Rules of Civil Procedure requires that motions "state with particularity the grounds for seeking the order, and state the relief sought." FED. R. CIV. P. 7(b). Motions to amend a complaint must explain the basis for, and nature of, the proposed amendment, and should include a complete copy of the proposed amended complaint so that both the court and opposing parties can understand the exact changes sought. *See* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1485 (2d ed. 2009). Plaintiff failed to file a formal motion to amend, a memorandum of law in

support of amendment, or even the proposed amended complaint for the court's review. As such, the court is unaware of the exact nature of the proposed amendments, providing the court with sufficient reason to deny leave to amend. Moreover, all the federal claims plaintiff has heretofore raised have been meritless, as illustrated by the dismissal of the TILA claim and plaintiff's voluntary withdrawal of claims 3 and 14. No federal claims remain in this action, and the court therefore lacks subject-matter jurisdiction over this matter as it declines to exercise supplemental jurisdiction over the remaining claims arising under state law. Under these circumstances, the court denies leave for plaintiff to amend his complaint for what appears to be the sole purpose of keeping the case in federal court.

### E. Plaintiff's Motion to Dismiss M&T's Counterclaim

On March 28, 2008, plaintiff moved to dismiss M&T's breach of contract counterclaim.[5] Because no federal claims remain in this case, this motion is denied without prejudice to renew in state court.

### III. Conclusion

For the foregoing reasons, claims 3, 8, and 14 are dismissed with prejudice, plaintiff is denied leave to amend, and his motion to dismiss defendant's counterclaim is denied. The remaining claims, all of which arise under state law, are dismissed without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      March 23, 2010

                                                      /s/
                                        DORA L. IRIZARRY
                                  United States District Judge

---

[5] The court deemed plaintiff's letter of March 28, 2009 as a cross-motion to dismiss defendant's counterclaim. (Electronic Order dated Mar. 31, 2009.)